# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L., <br><br> Plaintiff, <br><br> v. <br><br> POWAY UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No.: 19-CV-780-GPC-RBB <br><br> **ORDER GRANTING PETITION FOR GUARDIAN AD LITEM** <br><br> **[ECF No. 2.]** |

On April 28, 2019, Plaintiff Diego Lazaro, a minor, filed an ex parte motion to appoint his parents, Melissa and Oscar Lazaro, as Guardians ad Litem. For the following reasons, Plaintiff's ex parte motion for appointment of guardian ad litem is **GRANTED**.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 17, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiff is a minor domiciled in California. (ECF No. 1, at 2.) A minor may bring suit as long as a guardian conducts the proceedings, and the court may appoint a

guardian ad litem to represent the minor's interests. CAL. FAM. CODE § 6601; CAL. CODE CIV. P. § 372(a).

When determining whether to appoint a particular guardian ad litem, the Court must consider whether the minor and guardian have divergent interests. CAL. CODE CIV. P. § 372(b)(1). "'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 49 (Cal. Ct. App. 4th 2007). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 23.

Here, Melissa and Oscar Lazaro are the mother and father, and legal guardians of Plaintiff. (ECF No. 2., at 2.) As a minor, Plaintiff's ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Melissa and Oscar Lazaro are qualified to serve as guardian ad litem for their son, and represent that they have no interests adverse to him. (*Id.*) Therefore, Melissa and Oscar Lazaro's appointment as guardians ad litem for Plaintiff is appropriate. *See, e.g., Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. v. Olguin*, 2007 WL 1390672 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem.").

**IT IS SO ORDERED.**

Dated: May 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge

2

19-CV-780-GPC-RBB