# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L. By and Through his Guardians Ad Litem MELISSA LAZARO and OSCAR LAZARO,<br><br>Plaintiff,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 19-CV-0780-GPC-RBB<br><br>**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO SUPPLEMENT THE RECORD AND SEAL THE SUPPLEMENT.**<br><br>ECF Nos. 26, 28. |

On November 5, 2019, Plaintiff D.L. (a minor), by and through his guardians at litem, Melissa and Oscar Lazaro, filed motions seeking to supplement the administrative record and seal that supplement. ECF Nos. 26, 28. Specifically, Plaintiff asks that three distinct documents be added to the record and then sealed: (1) the classroom observation notes of Defendant's proposed placement by Kelli Sandman-Hurley dated June 10, 2019, (ECF No. 27-2); (2) Plaintiff's progress reports and work samples from his current school, Newbridge, (ECF No. 27); (3) a transcript of Plaintiff's Individualized Education Program ("IEP") Program Meeting on September 8, 2017. (ECF No. 27-1.)

1

Having reviewed Plaintiff's requests, the exhibits, and the applicable law, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's requests.

## I. Applicable Standards

### a. Motions to Supplement the Record

Congress created the Individuals with Disabilities Education Act ("IDEA") to meet the unique needs of disabled children by making available a free and appropriate public education. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 181 (1982). The IDEA contains various procedural safeguards to assure that schools meet these unique needs. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993). For example, parents may file a complaint with the school district regarding the services provided under their child's IEP and may pursue an administrative hearing if the complaint is unresolved. *Id.* Parents may contest the results of that hearing through a civil action in state or federal court. *Rowley*, 458 U.S. at 176.

In an action brought under 20 U.S.C. § 1415(i)(2)(A), the Court "shall hear additional evidence at the request of a party." The Ninth Circuit has defined permissible, "additional evidence" to include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993). In particular, the Ninth Circuit has opined that evidence acquired after a hearing "may shed light" on the reasonableness of a school district's prior decisions. *Adam v. Oregon*, 195 F.3d 1141, 1149 (9th Cir.1999).

Nonetheless, a "court need not consider evidence that simply repeats or embellishes evidence taken at the administrative hearing, nor should it admit evidence that changes 'the character of the hearing from one of review to a trial de novo.'" *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004–05 (9th Cir. 2011) (quoting *Ojai*, 4 F.3d at 1473). In sum, "evidence that is non-

2

cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *Id.*

### b. Motions to Seal

There is a presumptive right of public access to court records. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). That right is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotations omitted).

Parties seeking to seal documents in a dispositive motion must thus meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The "compelling reasons" test requires showing more than just "good cause." *Id.* This standard applies even if the motion or its attachments were previously filed under seal or protective order. *Id.* at 1179.

The Ninth Circuit has "carved out an exception" to the compelling reasons standard for documents produced in discovery and documents not attached to a dispositive motion. *Foltz*, 331 F.3d at 1135 (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). To seal such documents, the moving party need only provide "good cause" to show, *San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999), that "specific prejudice or harm will result." *Phillips*, 307 F.3d at 1210–11 (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

3

1    Importantly, however, the Ninth Circuit has interpreted the terms "dispositive" and
2 "non-dispositive" loosely when determining which standard to apply. *Ctr. for Auto*
3 *Safety*, 809 F.3d at 1098 ("To only apply the compelling reasons test to the narrow
4 category of dispositive motions goes against the long held interest in ensuring the public's
5 understanding of the judicial process and of significant public events.") (quotations
6 omitted). Hence, where the sealed material "is more than tangentially related to the
7 underlying cause of action," the "compelling reasons" standard applies. *Id.* at 1099.

**II. Analysis**

    **a. Ms. Sandman-Hurley's Classroom Observation Notes.**

In his first request, Plaintiff asks that the Court add and seal the observation notes of Defendant's proposed placement by Kelli Sandman-Hurley dated June 10, 2019. (ECF No. 28-1 at 5–6.) Ms. Sandman-Hurley is a "dyslexia expert," and took these classroom observation notes during her visit to a "6th grade resource specialist class at Defendant's site, Meadow Brook Middle School." (*Id.* at 4.) Plaintiff states that the content of this observation is pertinent to whether the proposed placement provides a Free and Appropriate Public Education ("FAPE") under 20 U.S.C. §1412(a)(1). (*Id.* at 6.) Plaintiff further contends that the observation is not cumulative because it was obtained "four months after the administrative decision had been rendered" and is admissible. (*Id.*)

Here, though the evidence only pertains to a one-time observation of a single classroom, Ms. Sandman-Hurley's notes nonetheless provide some insight into the classroom environment at Plaintiff's proposed placement. Consequently, they are relevant in that they "may be helpful to understanding the school district's earlier actions." *See M.M. v. Lafayette Sch. Dist.*, No. C-10-04223-SI, 2011 WL 5190033, at *4 (N.D. Cal. Oct. 31, 2011) (admitting after-acquired psychologist's reading assessment of plaintiff). Ms. Sandmen-Hurley's one-page set of notes, moreover, is not so broad in scope as to risk "turn[ing] this proceeding to a de novo review and undercut[ing] the administrative process designed to address the specific issues raised by plaintiff." *W.H.*

4

*ex rel. B.H. v. Clovis Unified Sch. Dist.*, No. CV-F-08-0374-LJO, 2008 WL 5069711, at *6 (E.D. Cal. Nov. 25, 2008) (denying an after-acquired declaration that offered expert-opinion on "several issues," including "on the ultimate issue before the ALJ," and was likely to "open the door to additional documents").

However, contrary to Plaintiff's cursory motion to seal, this document does not "necessarily include" private information about the Plaintiff – not "the use of his name," "the specific details of his education program," or any facts as to his schooling. (ECF No. 26-1 at 3.) The document also does not personally identify anyone, including the teacher or other students described in the document. Consequently, because the Public enjoys a presumptive right to access court materials, the Court denies Plaintiff's request to seal this information. *Kamakana*, 447 at 1178 (quoting *Nixon*, 435 U.S. at 597 & n.7). .

### b. The Progress Reports and Work Samples from Newbridge.

In his second request, Plaintiff asks that the Court to add and seal approximately 100 pages of "progress reports and works samples from Newbridge." (ECF No. 28-1 at 6–7). Plaintiff asserts that these documents demonstrate Plaintiff's success at his current school, and thus serve to show that "Defendant's program did not provide D.L. with FAPE." (*Id.* at 8.) Again, Plaintiff also asserts that these documents are not cumulative in that they were obtained after Plaintiff's hearing took place in December 2018. (*Id.* at 8.)

Here, the Court agrees with Plaintiff and finds that the "progress reports and work samples" may supplement the record. In *Capistrano Unified Sch. Dist. v. Wartenberg by & Through Wartenberg*, the Ninth Circuit relied, in part, on plaintiff's performance records at his private school to conclude that a "review of the record indicates that the district judge and the hearing officer were correct in finding that the Mardan Center provided an 'appropriate' educational setting for [plaintiff]." 59 F.3d 884, 896 (9th Cir. 1995). Those records were admitted after the hearing by the district court. *Id.* at 890 (noting that the "district judge . . . considered additional evidence [including plaintiff's] performance at Mardan subsequent to the hearing officer's decision"). Thus, as in

5

1  *Capistrano*, admitting this evidence is appropriate because it is not cumulative and is
2  relevant to the Court's determination of whether Newbridge is an appropriate placement.
3        This evidence, moreover, mirrors that sealed by the Court in its prior order dated
4  November 1, 2019. (ECF No. 24 at 3–4.) As there, these materials repeatedly reference
5  Plaintiff by his full name, and include his work samples, grades, and performance
6  assessments. Consequently, the Court finds the need to protect Plaintiff's privacy as a
7  juvenile is a sufficiently compelling reason and orders that the "progress reports and
8  works samples from Newbridge" be sealed. *See E.M. v. Poway Unified Sch. Dist.*, No.
9  19-cv-00689-JM-MSB, at *2 (S.D. Cal. July 29, 2019).

### c. The Transcript of Plaintiff's September 8, 2017 IEP Meeting.

Lastly, Plaintiff requests that the Court admit a transcript of an IEP meeting dated September 8, 2017. (ECF No. 28-1 at 10–12.) Plaintiff contends that the hearing transcript is "difficult, if not impossible to decipher" because certain portions of the transcript are "indiscernible" due to a mechanical error. (*Id.* at 11 (citing Administrative Record ("AR") at 1557.)) Plaintiff further contends that the transcript is relevant in that it discusses the IEP Team's "involvement of the instructional aid in [Plaintiff's] education," and is not cumulative in that neither the transcript itself, nor a clear transcription of the ALJ's discussion as to the transcript, are in the record. (*Id.* at 11–12.)

Here, the Court notes that, unlike Plaintiff's other two requests, this transcript was the source of some contention below. (AR 1557–58.) Defendant objected to the transcript at the hearing and the ALJ declined to admit it into the record. (*Id.*) Now, Plaintiff asks that the Court admit the transcript on the basis that the original arguments between the parties cannot be accurately deduced given the state of the record. As the Court does not have the benefit of Defendant's briefing on this potentially contentious request, the Court will not now admit the transcript based solely on Plaintiff's papers. Plaintiff may re-file this request with a hearing date as required under the local rules for any adverse

appearances,[1] and the Court will rule on it after hearing full briefing. As such, Plaintiff's request to seal the transcript is also denied as moot.

## III. Conclusion

In light of the foregoing reasons, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's motions. ECF Nos. 26, 28. The Court **ORDERS** the following:

1. The Court **GRANTS** Plaintiff's request to supplement the record with Ms. Sandman-Hurley's classroom observation notes and **DENIES** Plaintiff's request to seal the notes. ECF No. 27-2.
2. The Court **GRANTS** Plaintiff's request to supplement the record with, and to seal, the progress reports and work samples from Newbridge. ECF No. 27.
3. The Court **DENIES** without prejudice Plaintiff's requests to supplement the record with, and to seal, the transcript of Plaintiff's IEP program meeting on September 8, 2017. ECF No. 27-1.

**IT IS SO ORDERED.**

Dated: November 22, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Pursuant to Local Rule 7.1, a Plaintiff cannot file a motion that must be briefed by both parties without first obtaining a hearing date. CivLR 7.1.e.1. Local Rules have the force of law, and a Court may deny a motion for failing to comply with them. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Hence, as a precaution, the Court requires that parties **always** call chambers before filing any motion to ensure compliance with this rule. In the event that a hearing is not necessary, the Court will instruct the party accordingly at that time. The Court exercises its discretion in not applying this rule to Plaintiff's first and second requests given the nature of those documents and the caselaw relevant to their inclusion in the record. *See Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970) ("Local Rules are promulgated by District Courts primarily to promote the efficiency of the Court, and that the Court has a large measure of discretion in interpreting and applying them.").

7